JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-07667-JHN-SSx | Date | November 16, 2010 |
|---|---|---|---|
| Title | U.S. Bank National Association v. Sabino Ramirez et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   ORDER REMANDING CASE TO STATE COURT  (In Chambers)

Plaintiff filed an action against Defendants for unlawful detainer in state court on February 8, 2010.  A judgment by default was entered in that state court action on March 9, 2010, awarding possession of the subject property to Plaintiff.  On October 13, 2010, Defendants removed this action to federal court.  Plaintiff filed a Motion to Remand and Request for Attorney's Fees ("Motion") (docket no. 5) on November 3, 2010, set for hearing on December 13, 2010.  The time for Defendants to file an opposition has not yet passed. However, the record clearly shows that the Court has no subject matter jurisdiction over this action. **Therefore, for the reasons herein, the Court remands the action to the Superior Court of the State of California, County of Los Angeles, California.**

Because final judgment has already been entered in favor of Plaintiff, there is no "case or controversy" justiciable before this Court. *See* Article III of the Constitution. Accordingly, there is no "case" for Defendants to remove. *See also Four Keys Leasing & Maintenance Corp. v. Simithis*, 849 F.2d 770, 774 (9th Cir. 1988) ("[I]t would be a perversion of the removal process to allow a litigant who is subject to a final judgment to move that final judgment to the federal courts for further litigation.").

Moreover, there is no federal question or diversity jurisdiction in this case.  Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."  28 U.S.C. § 1441(a).  However, the Court may remand a case to state court for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction."  *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The only exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a state claim preempted by federal law.  *Sullivan v.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-07667-JHN-SSx | Date | November 16, 2010 |
|---|---|---|---|
| Title | U.S. Bank National Association v. Sabino Ramirez et al | | |

*First Affiliated Sec., Inc.*, 813 F. 2d 1368, 1372 (9th Cir. 1987).  Here, the Complaint's only cause of action is for unlawful detainer pursuant to California Code of Civil Procedure section 1161.  No federal question is presented on the face of the Complaint, nor has a federal claim been disguised by artful pleading.  Therefore, no federal question jurisdiction exists.

Under 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Here, there is no allegation of diversity of citizenship, and the Complaint explicitly states that the amount in controversy is less than $10,000.  Therefore, there is also no diversity jurisdiction.

For these reasons, the Court lacks subject matter jurisdiction.

Moreover, Defendants' removal is untimely. Under 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days after the defendant receives "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" or after the defendant receives "an amended pleading, motion, order or other paper" indicating that an action not initially removable has become removable.  Here, the state court complaint was served on Defendants on February 12, 2010.  Thus, the 30-day window closed on March 14, 2010.

**For these reasons, the Court REMANDS the case to the Superior Court of the State of California, County of Los Angeles, California.   As the Court's order moots Plaintiff's Motion (docket no. 5), the hearing set for December 13, 2010, is VACATED.  The Court DENIES Plaintiff's request for attorney's fees and costs**.

**IT IS SO ORDERED.**

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |